```
              UNITED STATES DISTRICT COURT
                        FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:CV-05-0879 |
| Plaintiff, | : | Complaint filed 05/02/05 |
| v. | : | Judge Muir |
| DAWN M. HEFFLER, | : | |
| Defendant | : | |

<u>ORDER</u>

July 28, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 2, 2005, the United States initiated this action by filing a one-count complaint against Dawn M. Heffler.  The government claims that Heffler obtained a mortgage for real estate through the United States Department of Agriculture, she has not fulfilled the obligations imposed upon her pursuant to that mortgage, and she is now in default under the terms of that loan.  The United States seeks a judgment authorizing, *inter alia*, the sale of the property at issue.

Heffler was served with a copy of the complaint on May 17, 2005, and has failed to file any response as required by the Federal Rules of Civil Procedure.  The waiver of service of summons signed by Heffler and filed on May 19, 2005, clearly states that "a judgment may be entered against [her] if an answer or motion under Rule 12, [sic] is not served upon [the United States] within 60 days after May 6, 2005 ...." (Document 5,

Exhibit 1)  No such document has been served upon the government.

On July 7, 2005, the United States filed a request addressed to the Clerk of Court for default and a motion addressed to the court for default judgment.  The Clerk of Court entered a default against Heffler on July 8, 2005.

The motion for default judgment is supported by an affidavit and a brief.  The time allowed for Heffler to file an opposition brief expired on July 25, 2005.  To this date Heffler has not filed any document in this case.  We consider the motion for default judgment to be ripe for disposition because the motion itself, supporting affidavit and brief, and docket entries provide us with all of the information necessary to rule on the pending motion.

One reason to grant the motion is that it is unopposed. *See* M.D. Local Rule 7.6 (providing that the failure to file an opposition brief "may result in the court granting the motion on the basis that it is unopposed").  That is not the only reason to grant the United States's motion.

The Court of Appeals for the Third Circuit has stated that the following factors govern the disposition of a motion for a default judgment: (i) whether the plaintiff will be prejudiced if the default judgment is denied; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct. United States v.

$55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Spar v. Choice Security Systems, Inc., 880 F. Supp. 402, 404 (E.D. Pa. 1995)(Brody, J.).  The decision as to whether to grant a motion for a default judgment is in the court's discretion.  Spar, 880 F. Supp. at 402.

The first factor weighs against the government because it has not argued or demonstrated that it would be prejudiced if we did not enter a default judgment against Heffler.

With respect to the second factor, we are unable to evaluate the merits of Heffler's potential defenses because she has not informed us of any defense.  In addition, a cursory review of the complaint has not revealed any obvious defense that Heffler could assert in this action.  This factor weighs in favor of the government.

The last element also favors the government because Heffler is solely at fault for failing to file a responsive pleading.

Heffler was notified that her failure to file a responsive pleading may result in the entry of a default judgment against her when the government filed the request for default and motion for default judgment.  In addition, she was notified by the Clerk of Court of the entry of the default.  Despite those warnings she has not filed a responsive pleading or a brief opposing the motion for default judgment as required by the applicable rules.

We will grant the United States's motion for a default

judgment.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The government motion for a default judgment against Heffler (Document 5) is granted.
2. Judgment is entered in favor of the United States and against Dawn M. Heffler in the amount of $100,617.65 plus interest at the rate of $15.76 per day from November 30, 2004, to the date of any U.S. Marshal's sale or other sale of the property.
3. The promissory note and mortgage between the United States and Dawn M. Heffler are foreclosed as to the real property described therein.  In accordance with § 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person.
4. The real property described in the promissory note and mortgage shall be sold pursuant to the following process:
    a)  The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. § 2001 within 180 days after the date of this order.  Notice shall be given, in accordance with 28 U.S.C. § 2002 , once a week for four

consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the real estate is situated; Plaintiff shall advertise a complete legal description of the property.

b) Ten (10) percent of the highest bid shall be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder.  The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the court, at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such

        resale, the defaulting bidder shall make good to the person thereby injured.  The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges, and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local, and federal transfer taxes and stamps.  If the United States is not the successful bidder, the United States will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

    c)    The United States or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records, accounts, and all other items, things, and information necessary for the inspection, advertisement, and sale of the property.

5.    A motion for confirmation of the public sale shall be

    made by the Marshal or the United Sates within 30 days after the date of the sale.

6. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale, after deducting the costs and expenses of the sale, pending distribution pursuant to further order of this court.

7. The United States shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

8. The Clerk of Court shall forthwith provide the United States Marshal with a copy of this order.

9. Jurisdiction is retained over this matter for the granting of such further orders as the circumstances may require.

                                                      s/Malcolm Muir
                                                     MUIR, U.S. District Judge

MM:ga